UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Cr. No. 19-20652

     v.                              Honorable David M. Lawson

D-1 JAMES LETKO,
**D-2 STEVEN KING,**
D-3 RAMI LAZEKI,
D-4 PATRICIA FLANNERY,
D-5 KATHERINE PETERSON,

        Defendants.
_____/

## MOTION FOR SEVERANCE

    Steven King, though attorneys Natasha Webster and Benton Martin, moves to sever his trial from that of his co-defendants. King files a supporting brief and states as follows:

    1.    The government has charged King with a single count of conspiring with his co-defendants to submit false claims to Medicare and Medicare drug plan sponsors while acting as the Compliance Officer for A1C Pharmacies, in violation of 18 U.S.C. § 1349. (R. 1, Indictment, PgID 7.)

1

2. As this case stands, King will be tried along with his codefendants in a joint trial. King's defense would be that he did not conspire to defraud federal benefits programs. He may also present evidence and argue that other co-defendants conspired and aided and abetted each other in carrying out fraudulent activities, though he did not. He may also contend that he was an unwitting actor in schemes by his codefendants to the extent any of his actions may appear culpable.

3. This Court should sever King's trial from that of his co-defendants for three reasons:

   a. The failure to sever will lead to a violation of his Sixth Amendment rights because he cannot cross-examine his co-defendants, raising a problem under *Bruton v. United States*, 391 U.S. 123, 126 (1968), and *United States v. Flowers*, 712 F. App'x 492, 498–99 (6th Cir. 2017).

   b. The defenses of the co-defendants appear to be antagonistic, and "there is serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

   c. A joint trial will, in all likelihood, prevent the jury from making a reliable judgment about his guilt or innocence. *Id.*

4. Concurrence for this motion was sought however, the government does not concur with the relief requested.

WHEREFORE, Steven King respectfully requests this Court sever his trial from the trial of his co-defendants.

                                            Respectfully Submitted,

                                            FEDERAL DEFENDER OFFICE

                                            /s/ Natasha D. Webster
                                            Natasha_Webster@fd.org

                                            /s/ Benton C. Martin
                                            Benton_Martin@fd.org

                                            Attorneys for Steven King
                                            613 Abbott St., Suite 500
                                            Detroit, MI 48226
                                            Phone: (313) 967-5542

Date: July 1, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                   Cr. No. 19-20652

     v.                               Honorable David M. Lawson

D-1 JAMES LETKO,
**D-2 STEVEN KING,**
D-3 RAMI LAZEKI,
D-4 PATRICIA FLANNERY,
D-5 KATHERINE PETERSON,

        Defendants.
_____/

## BRIEF IN SUPPORT OF
## <u>MOTION FOR SEVERANCE</u>

The government alleges via Indictment that, from 2013 to 2018, Steven King conspired with his co-defendants, and others, to defraud Medicare benefits programs through A1C Pharmacies. (R. 1, Indictment, PgID 7.) In particular, it is alleged that King worked with James Letko, the CEO of A1C, and Katherine Peterson, to submit credentialing paperwork and pharmacy provider agreements with CVS Caremark, Express Scripts, and other Pharmacy Benefit Managers (PBMs) that contained false information. (*Id.* at 8–9.) In addition, King allegedly worked with Letko and Rami

4

Lezeki to cause submission of false claims for expensive prescriptions without the consent of physicians or Medicare beneficiaries. (*Id.* at 9.)

The Indictment also alleges that Letko, King, Lazeki, and Flannery would redirect prescriptions, without patient consent, through Letko's brother's pharmacies after PBMs terminated contacts with A1C pharmacies. (*Id.* at 10.) Count One charges a conspiracy and names King and all other codefendants. Counts Two through Six charge Health Care Fraud, and name only Rami Lazeki. (*Id.* at 11.)

Discovery has revealed more information about this alleged conspiracy. James Letko owns A1C, and has two brothers, Edward and Jon Letko, that are all business partners in medical- related companies. King was the Compliance Officer at A1C, and Lazeki was the Pharmacist in Charge of A1C subsidiary "All American Medical Pharmacy."

The defense's understanding is that many of the defendants have made statements to investigating agents. The government has not formally indicated whether it intends to introduce these statements. The defense's understanding is that, at the very least, the government will introduce statements by codefendant Lazeki, who has placed the blame for any misconduct at A1C on others, including James Letko and King.

5

According to Lazeki, King had a limited but culpable role at A1C. Lazeki says that James Letko ordered him to engage in improper filling of prescriptions for Lidocaine, diabetic-testing supplies, and scar kits, and that James and John Letko decided what drugs to promote to gain maximum profit. James and John Letko also were involved in pharmacy brands other than A1C, including Global Pharmaceuticals, with the CEO Matt Kleinhans, and patients were being transferred between different Letko-owned pharmacies. Lazeki claims that John Letko and Kleinhans created pre-filled Lidocaine prescription forms. Kleinhans approved drugs for Global Pharmaceuticals. King was only culpable for a portion of the Letko business related to A1C. But Lazeki says that he raised concerns about the issues at A1C with King.

## ARGUMENT

### I.  Failure to sever will violate the Sixth Amendment.

The Confrontation Clause of the Sixth Amendment secures to a defendant the right to cross-examine a co-defendant who incriminates him. *Bruton v. United States*, 391 U.S. 123, 126 (1968); *United States v. Macias*, 387 F.3d 509, 516 (6th Cir. 2004). The Confrontation Clause is thus violated by the introduction of an incriminating out-of-court statement by a non-testifying co-defendant, even if the

court gives a limiting instruction that the jury may consider the statement only against the co-defendant. *Bruton*, 391 U.S. at 136–37.

Although the government has not yet formally indicated whether it intends to offer statements of King's co-defendants, the discovery provided contains statements by co-defendants—including Lazeki and likely others—that inculpate King, along with other codefendants.

There is an exception to this constitutional proscription where the statement is "redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Gray v. Maryland*, 523 U.S. 185, 191 (1998); *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). *Bruton* therefore does not bar admission of a properly redacted statement accompanied by a limiting instruction, even if the statement "becomes incriminating [to the defendant] when linked with other evidence adduced at trial." *United States v. Ford*, 761 F.3d 641, 654 (6th Cir. 2014).

Such a remedy would be wholly ineffective here because the indictment specifically identifies five individuals who alleged coordinated in the mismanagement of A1C. A redaction which replaces the co-defendants' names with "they" or "others" would most assuredly call the jurors' attention to the codefendants rather than outside "others." *Gray*, 523 U.S. at 193. The admission of a co-defendant's confession which does not directly name a defendant but provides

7

identifying information also violate the Confrontation Clause. *See Harrington v. California*, 395 U.S. 250, 253 (1969).

This case is therefore distinguishable from the circumstances in U*nited States v. Vasilakos*, 508 F.3d 401, 408 (6th Cir. 2007). In *Vasilakos*, the government "alleged a multifaceted conspiracy in which several individuals engaged in activities," and "substituted names in the deposition statements with the neutral noun 'person' or phrase 'another person.'" *Id.* at 408. Therefore, nothing in the altered statements drew any more attention to a particular co-conspirator than to the others. And "the statement at issue only referred to one individual." *United States v. Flowers*, 712 F. App'x 492, 498–99 (6th Cir. 2017).

But in this case, redactions of the co-defendant's statements to limit any references to King would prove to be inadequate because the jury would necessarily infer that the deletions referred to him.

This Court should look to *United States v. Flowers*, 712 F. App'x 492, 498–99 (6th Cir. 2017). There, five defendants moved for separate trials because each gave post-arrest statements implicating other defendants. *Id.* at 499. In response, the government agreed to redact the statements to alleviate Sixth Amendment concerns and provide a limiting instruction. *Id.* And at trial, the government elicited testimony

8

from a detective who referred generally to "they" and "others" instead of mentioning specific people. *Id.* at 500.

The Sixth Circuit found that this testimony violated the Confrontation Clause. *Flowers*, 712 F. App'x at 500. Unlike in *Vasilakos*, "the statement referred to an unspecified number of people—shortly following the identification of the four other Defendants—making it a likelier reference to the other Defendants who were on trial." *Id.*

It is unlikely the government could successfully redact the statements by the codefendants here in a manner that would adequate protect King's Sixth Amendment right to confrontation if he is forced to trial with his codefendants.

## II. There Is Serious Risk That a Joint Trial Would Prejudice a Specific Trial Right of One of the Defendants.

Even if joinder is proper under Federal Rule of Criminal Procedure 8, Federal Rule of Criminal Procedure 14 allows for severance of defendants if joinder "appears to prejudice a defendant." "Prejudice" in this context means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Serrano-Ramirez*, No. 19-5553, 2020 WL 2095884, at *3 (6th Cir. May 1, 2020).

9

If King proceeds to trial, he intends to present evidence and argument at trial that he did not conspire, or engage in conduct to defraud government benefit programs. He may also present evidence and argument that his co-defendants conspired and aided and abetted each other in carrying out such fraudulent activities, but that he did not. He may also contend that, to the extent any of his actions may appear culpable, those acts were unwitting.

As a result, severance is proper. If King is forced to trial with his codefendants, there may be substantial detriment to his defense given the conflicting defenses.

### III. A Joint Trial May Prevent the Jury from Making a Reliable Judgment about King's Guilt or Innocence.

Severance also is appropriate when evidence of a co-defendant's wrongdoing could erroneously lead a jury to conclude that a defendant was guilty. *Zafiro*, 506 U.S. at 539. Such evidence could constitute the type of serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence which could warrant a severance.

A risk of prejudice may occur where "defendants are tried together in a complex criminal case and they have markedly different degrees of culpability," or "when evidence that the jury should not consider against a defendant and that would

10

not be admissible if a defendant were tried alone is admitted against a co-defendant." *United States v. Al-Din*, 631 F. App'x 313, 327 (6th Cir. 2015). The Sixth Circuit has held that where a defendant suffers substantial prejudice from the spillover effect of proof of unrelated charges against co-defendants, Rule 14 requires a severance be granted. *United States v. Davison*, 936 F.2d 856, 861 (6th Cir. 1991).

The risk of such prejudice is clear here: The Indictment alleges various forms of fraudulent activity, however, it fails to distinguish between the roles of each defendant. Consequently, when the jury hears the government's allegations of criminality against other co-defendants, King may be convicted by association.

As the Supreme Court has observed, it is most difficult for a jury to follow admonishing instructions and to keep separate evidence that is relevant only to codefendants:

> A co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.

*Krulewitch v. United States*, 336 U.S. 440, 454 (1949).

In this case, King will suffer substantial prejudice from the spill-over effect of proof against co-defendants. The danger of substantial prejudice militates in favor of severing King. In addition to differing levels of culpability, co-defendant Lezeki

11

appears to be pointing to finger at King and others to mitigate his own liability in this case. That strategy will result in the presentation of information and evidence that the jury should not consider against King—information which would not be admissible if King were tried alone, or without Lazeki in the same trial. As such, severance is the proper remedy.

## CONCLUSION

King asks this Court to sever his trial from the trial of his codefendants.

                                      Respectfully Submitted,

                                      FEDERAL DEFENDER OFFICE

                                      /s/ Natasha D. Webster
                                      Natasha_Webster@fd.org

                                      /s/ Benton C. Martin
                                      Benton_Martin@fd.org

                                      Attorneys for Steven King
                                      613 Abbott St., Suite 500
                                      Detroit, MI 48226
                                      Phone: (313) 967-5542

Date: July 1, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,    Cr. No. 19-20652

 v.    Honorable David M. Lawson

D-1 JAMES LETKO,
**D-2 STEVEN KING,**
D-3 RAMI LAZEKI,
D-4 PATRICIA FLANNERY,
D-5 KATHERINE PETERSON,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

I certify that, on July 1, 2020, I filed this document using the CM/ECF filing system, which will send notification to opposing counsel.

        /s/ Jennifer Mellas
        Paralegal

13