**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 19-CR-20652

        v.        HON. DAVID M. LAWSON

STEVEN KING.

        Defendant.

_____/

**MOTION REQUESTING THE
MODIFICATION OF STEVEN KING'S
BOND CONDITIONS**

Defendant, Steven King, by and through his attorneys, Natasha Webster and Benton Martin of the Federal Community Defender Office request this Honorable Court to modify Mr. King's bond conditions. Specifically, he requests that the Court modify condition # 7(m) prohibiting the use of alcohol and remove condition #7(o) requiring him to perform random drug testing. Mr. King states the following in support of his request:

1. Steven King is charged by Indictment with one count of Conspiracy to Commit Health Care Fraud and Wire Fraud in violation of 18 U.S.C. § 1349.

2. On October 2, 2019, Mr. King was released on bond pending trial pursuant to several conditions. In particular, he was ordered not to use any alcohol (condition #7(m)) and directed to participate in

substance abuse testing which currently subjects him to a random drug testing (condition # 7(o). Currently, Mr. King lives approximately 2 hours from the location that he must report to in order to perform the test administered by Pretrial Services. The distance places a hardship on Mr. King.

3. Counsel for Mr. King has consulted with Pretrial Services and it neither opposes the removal of condition #7(m) nor the modification of condition #7(m) from no use of alcohol to no excessive use of alcohol.

4. Accordingly, Mr. King seeks review of the conditions of bond pursuant to 18 U.S.C. § 3142(c)(3) and moves this Honorable Court to modify condition # 7(m) from no use of alcohol to no excessive use of alcohol. Additionally, Mr. King seeks the removal of condition # 7(o) which requires random drug testing.

5. Pursuant to Local Rule 7.1 counsel has also consulted with John McCormack IV, the Assistant United States Attorney representing the government and the government does not take a position.

For the reasons stated, Mr. King respectfully requests that the Court modify his bond conditions as requested.

        Respectfully submitted,

Federal Community Defender Office
s/ Natasha Webster
Natasha Webster
Counsel for Steven King
613 Abbott St., Suite 500
Detroit, MI 48226
(313) 967-5847
E-mail: Natasha_Webster@fd.org

Federal Community Defender Office
s/ Benton Martin
Benton Martin
Counsel for Steven King
613 Abbott St., Suite 500
Detroit, MI 48226
(313) 967-5832
E-mail: Benton_Martin@fd.org

Dated: June 29, 2021

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,   CRIMINAL NO. 19-CR-20652

  v.       HON. DAVID M. LAWSON

STEVEN KING.

    Defendant.

_____/

**BRIEF IN SUPPORT OF DEFENDANT
STEVEN KING'S MOTION FOR
MODIFICATION OF BOND CONDITIONS**

**I. STATEMENT OF FACTS**

Steven King is charged by Indictment with one count of Conspiracy to Commit Health Care Fraud and Wire Fraud in violation of 18 U.S.C. § 1349. On October 2, 2019, Mr. King was released on bond pending trial pursuant to several conditions. In particular, he was ordered not to use any alcohol (condition #7(m)) and directed to participate in substance abuse testing which currently subjects him to a random drug testing (condition # 7(o). Currently, Mr. King lives approximately two hours from the location that he must report to in order to perform the test administered by Pretrial Services. The distance places an undue hardship on Mr. King.

Mr. King has been in compliance with his bond conditions. Counsel has consulted with Pretrial Services and the government's attorney and neither object to the requested modifications.

## II.     ARGUMENT

The Bail Reform Act, 18 U.S.C. § 3142, governs bond conditions pending trial. In the event that release on personal recognizance or upon execution of an unsecured appearance bond will not reasonably assure either the appearance of the person as required or the maintenance of public safety, pretrial release may nevertheless be ordered subject to certain conditions. 18 U.S.C. § 3142(c)(1).

A "judicial officer shall order the pretrial release of the person subject to *the least restrictive further condition*, or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B) (emphasis added). Above all, in making a determination as to what set of conditions is necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must consider the factors listed in 18 U.S.C. § 3142(g). Consideration of these factors is also appropriate when determining whether currently imposed bond conditions remain necessary; moreover, the statute explicitly states that a judge "may

at any time amend the order to . . . impose different conditions of release." 18 U.S.C. § 3142(c)(3).

Mr. King seeks review of the conditions imposed on October 2, 2019, 2021, at his detention hearing. Currently, Mr. King's random drug testing condition requires him to drive approximately two hours to perform the drug test. This condition imposes a hardship for Mr. King given the distance.

Additionally, Mr. King was ordered to not use any alcohol at the time he was released. Mr. King requests that the Court modify the use of alcohol from "no use" to no excessive use. Counsel does not believe that these conditions are no longer necessary as he has been in compliance with his bond conditions. He has established that he poses no risk of flight and no danger to the community. Counsel has conferred with both the government and Pretrial Services. Pretrial Services does not object to the request and the government takes no position.

## CONCLUSION

There being no objection from Pretrial Services, Mr. King respectfully requests that this Honorable Court modify the conditions of his bond as requested.

Respectfully submitted,

Federal Community Defender Office
s/ Natasha Webster
Natasha Webster
Counsel for Steven King
613 Abbott St., Suite 500
Detroit, MI 48226
(313) 967-5847
E-mail: Natasha_Webster@fd.org

Federal Community Defender Office
s/ Benton Martin
Benton Martin
Counsel for Steven King
613 Abbott St., Suite 500
Detroit, MI 48226
(313) 967-5832
E-mail: Benton_Martin@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2021, I electronically filed the attached Motion and Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

s/ Natasha D. Webster
