UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,        Case No. 19-20652
 v.
                 Hon. David M. Lawson

STEVEN KING,

   Defendant.
_____/

**Unopposed Motion and Brief in Support of Motion to Adjourn Trial
and Find Excludable Delay**

 Steven King, through counsel, moves this Court to adjourn his trial date by approximately 90 days to January 2023, and make a finding of excludable delay pursuant to 18 U.S.C. § 3161(h)(7). Mr. King files a supporting brief in support and states the following:

 1. Mr. King is charged with conspiracy to commit health care fraud in relation to the submission of allegedly false claims to Medicare and Medicare drug plan sponsors in the amount of $80 million.

 2. Trial is currently scheduled for October 4, 2022. This Court set that date on March 3, 2022. (R. 180, Order, PgID 1668.) At that time the Court addressed the parties' joint request to adjourn time because of ongoing review of discovery by a potential third-party privilege claimant. (*Id.*) The Court observed at that time that

1

this case includes "more than five million pages of documents that have been produced during discovery." (*Id.*)

3. Since March 3, 2022, there have been important developments. On May 31, 2022, codefendant Rami Lazeki entered a guilty plea. On August 4, 2022, codefendant Patricia Flannery also entered a guilty plea. Finally, and most significantly for Mr. King, on August 23, 2022, approximately two weeks ago, codefendant James Letko entered a guilty plea.

4. Until August 2022, Mr. King's trial team had been working with Mr. Letko's retained attorneys. Mr. Letko had retained experts that Mr. King intended also to rely on during trial. Now that Mr. Letko has pleaded guilty, Mr. King will need to assume the cost of these experts. Because Mr. King's attorneys are part of the Federal Community Defender Office, these type of expert expenses require supervisory approval and may require approval from the Defender Services Organization in Washington D.C. Mr. King's counsel has contacted the experts it would retain but is still in the process of receiving a cost analysis. Counsel will then need to seek and obtain approval for the cost.

5. In addition, the guilty pleas have resulted in the disclosure of additional discovery by the government to Mr. King. This discovery has created new avenues for investigation by the defense. Mr. King has an investigator from the Federal Community Defender is assigned to this case and has been working diligently to

prepare for trial, but he requires more time to complete investigation. Failure to grant the requested schedule modification would deny counsel for the defendants the reasonable time necessary for effective preparation for trial, 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

6. The parties also continue to have ongoing plea negotiations. It is in the interest of justice to grant additional time for these negotiations before trial.

7. Government counsel does not oppose this request. Mr. King also supports this adjournment and agrees that it is in his best interest.

Mr. King respectfully asks this Court should enter an order finding excludable delay and resetting his trial for a date in January 2023 or as soon thereafter as the Court's schedule permits.

Respectfully submitted,

s/ Natasha Webster
s/ Benton Martin
FEDERAL COMMUNITY DEFENDER
613 Abbott Street, Suite 500
Detroit, Michigan 48226
P: 313-967-5832
E: benton_martin@fd.org

Dated: September 12, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 19-20652

v.                                      Hon. David M. Lawson

STEVEN KING,

        Defendant.
_____/

**Brief in Support of Motion to Adjourn Trial**
**and Find Excludable Delay**

      Mr. King and the government have conferred, and agree that, under the circumstances, the trial of this case should, in the interest of justice, be adjourned until January 2023, or as soon thereafter as the Court's schedule permits. Mr. King and the government also agree that the period from now until the trial date constitutes excludable delay pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) and (B)(I), in that exclusion of this time period from the running of the Speedy Trial Act is in the interest of justice and outweighs the interest of the public and the defendants in a speedy trial.

      Specifically, due to voluminous discovery, complex legal issues, and multiple charges, Mr. King's counsel require this time to evaluate the evidence in this case and adequately prepare for trial. In addition, the recent guilty pleas in this case have created the unexpected need to secure expert funding, the disclosure of additional

4

discovery, the need for additional investigation, and renewed negotiations in regard to a potential resolution of this matter short of trial.

## Conclusion

The ends of justice served by the granting of the requested adjournment outweigh the best interests of the public and Mr. King in a speedy trial. Mr. King thus requests that under the Speedy Trial Act, the Court deem the period of delay because of this adjournment is excluded in computing the time.

    Respectfully submitted,

    s/ Natasha Webster
    s/ Benton Martin
    FEDERAL COMMUNITY DEFENDER
    613 Abbott Street, Suite 500
    Detroit, Michigan 48226
    P: 313-967-5832
    E: benton_martin@fd.org

Dated: September 12, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                    Case No. 19-20652

v.

                               Hon. David M. Lawson

STEVEN KING,

      Defendant.

_____/

**Certificate of Service**

I certify that on September 12, 2022, I filed the above document through the court's docketing system, which should send notification to opposing counsel of record.

/s/ Benton C. Martin