UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | No. 19-cr-20652 |
| Plaintiff, | Hon. David M. Lawson |
| v. | |
| D-2 Steven King, | |
| Defendant. | |

### UNITED STATES' OMNIBUS MOTION IN LIMINE

The United States respectfully moves to preclude testimony or argument regarding several issues that may arise during trial. Prior to filing this motion, pursuant to Local Rule 7.1(a)(2)(A), the government conferred with counsel for Defendant Steven King (the "Defendant"), who indicated that the Defendant does not concur with the relief sought here.

### FACTUAL BACKGROUND

Defendant King was the Chief Compliance Officer of a holding company that operated pharmacies and was charged in an indictment for his role in a conspiracy to bill Medicare for medically unnecessary prescription drugs and diabetic testing strips dispensed from the pharmacies.

# MOTION 1

**The Defendant Should be Precluded from Offering Evidence of Any Legitimate Medical Billings, Legitimate Prescriptions, or Other Good Conduct as a Defense to the Charge in the Indictment.**

The Defendant should be precluded from arguing, eliciting on direct or cross-examination, or offering any evidence at trial of specific acts of good conduct, including evidence of: (1) legitimate billing or prescriptions by the Defendant and the companies with which he was affiliated; and (2) the provision of legitimate services by the Defendant and the companies with which he was affiliated. Such evidence is not probative of the issues at trial, and will serve only to confuse or to mislead the jury. Further, to the extent such evidence might have any probative value, it should nonetheless be excluded under Federal Rule of Evidence 403, because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, and waste of time.

In a fraud case, evidence of other instances where a defendant did *not* commit fraud is irrelevant to the question of whether he *did* commit fraud in the instances alleged. This is a well-settled proposition; the Sixth Circuit and others have repeatedly held that evidence that a defendant engaged in legal, honest conduct some of the time has simply no bearing on whether the defendant engaged in, or had knowledge of, fraudulent conduct charged by the government. *See United States v.*

*Dimora*, 750 F.3d 619, 630 (6th Cir. 2014) ("For the same reasons that prior 'bad acts' may not be used to show predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes."); *see also United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (affirming district court's ruling precluding the defendant from offering evidence of legitimate business activities because "evidence of good conduct is not admissible to negate fraudulent intent."); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (excluding defendant psychologist from offering evidence of legitimate billings in false claims act case because it was irrelevant that the defendant "did not overcharge in every instance in which she had the opportunity to do so"); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."); *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) (finding defendant's performance of some legal trades irrelevant to his knowledge of illegal trades).

Here, the government has alleged that the Defendant conspired with others to execute the fraudulent scheme outlined in the indictment, namely by knowingly and willfully submitting claims for prescription drugs and diabetic testing strips that were *ineligible for payment* since the pharmacies did not obtain patient consent for refills or for the transfer of prescriptions between pharmacies. That the pharmacies may have obtained the required consent in some instances during the course of this

scheme is irrelevant to the question of the Defendant's guilt with respect to the overall scheme charged in the indictment.

## MOTION 2

**The Court Should Exclude Evidence of a Pending Civil Action Involving Government Witness Michael Pemberton**

The government seeks to exclude any evidence of a pending civil action in which HHS-OIG Special Agent Michael Pemberton is named as a defendant. The government intends to call SA Pemberton to testify as a government witness at trial. On February 27, 2022, an amended civil complaint was filed in an unrelated matter before this Court, in which SA Pemberton was named as a defendant. *See* Case No. 22-cv-10424. The amended complaint alleges that SA Pemberton and seven other individual co-defendants engaged in misconduct in their investigation into Plaintiff Mohamad Ali Makki. The defendants in that matter filed a motion to dismiss on July 15, 2022, and a hearing on the motion is scheduled before the Court for January 18, 2023. The government notified Defendant King's counsel via email on December 23, 2022, of the status of this matter.

Any testimony related to this pending civil action is prohibited under Rules 403, 404, 608, and 609, of the Federal Rules of Evidence, as these allegations are neither material nor relevant to the matter before the Court. Not only is the civil suit currently pending and has not yet reached a final resolution, but the allegations in the civil suit are also wholly unrelated to this matter, as the underlying investigation

involves none of the same individuals or entities and there is no overlap in the scope of investigation or charged misconduct.

Given that the allegations are not substantiated at present and are unrelated to the conduct charged in the indictment, they provide no indication of SA Pemberton's veracity or character for truthfulness. The probative value of such information is therefore negligible. Moreover, the prejudicial effect of introducing the existence of mere allegations would be incalculable. Not only would such evidence confuse the jury by diverting its factfinding role away from the Defendant's misconduct and onto a witness, but it would also effectively put SA Pemberton on trial for unsubstantiated allegations while depriving him of due process. At bottom, the prejudicial effect of the civil complaint wholly outweighs any modicum of probative value that these allegations may hold.

## **MOTION 3**

**The Defendant Should Be Precluded from Blaming Medicare or Its Contractors for the Fraud.**

The Defendant should be precluded from making any argument that because Medicare, by and through Pharmacy Benefit Managers ("PBMs"), paid claims for prescription drugs and diabetic testing strips, or failed to detect the fraud, he and his-co-conspirators could not have defrauded Medicare or known that the scheme was illegal. These kinds of "blame the victim" defenses in a health care fraud case are irrelevant, improper, and should be excluded.

In the context of criminal fraud, even where a "victim is also guilty of negligence," the perpetrator is "no less guilty of fraud" because of such negligence. *United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009). "If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort concepts." *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) (quoting *United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980)).

In recognition of the fact that victims' negligence is irrelevant – as well as prejudicial – courts have taken precautionary measures such as, for example, giving jury instructions, and limiting witness examinations and arguments attempting to excuse criminal conduct on that basis. *See United States v. Thomas*, 377 F.3d 232, 243-44 (2d Cir. 2004) (affirming restrictions on cross-examination of victim; rejecting the defendant's argument that a victim's foolishness vitiated the defendant's fraudulent intent); *United States v. Davis*, 226 F.3d 346, 358-59 (5th Cir. 2000) (affirming jury instruction that "the naiveté, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of a defendant"); *see also United States v. Allen*, 201 F.3d 163, 167 (2d Cir. 2000) ("The victim's negligence in permitting a crime to take place does not excuse the defendant from culpability for her substantive offenses.").

This Court should similarly take steps to prevent the Defendant from blaming Medicare for his ability to victimize it through the alleged fraud scheme. The Defendant should be prohibited from arguing to the jury or presenting evidence suggesting that the failure of Medicare or the PBMs to detect or prevent the fraud is somehow a defense to the charges in the indictment. It is no defense for a bank robber to argue that the bank should have had a more effective security system. Nor can a home invader argue that he committed no crime because the homeowners left their front door unlocked. Such contributory negligence theories simply have no place in criminal law, and the Defendant should not be permitted to suggest otherwise to the jury. This prohibition should extend to any suggestion that Medicare or the PBMs should have discovered the fraud, denied fraudulent claims, or barred the Defendant and/or his corporate entities from submitting claims for reimbursement, or that the failure of Medicare of the PBMs to take any of the aforementioned actions led the Defendant to believe that the fraudulent claims and actions were legitimate. Such evidence would be irrelevant, immaterial, prejudicial, confusing to the jury, and is in no way probative of a legitimate defense to the charged fraud scheme.

# MOTION 4

**The Defendant Should be Precluded From Making Any Argument or Presenting Any Evidence Concerning Which Other Persons Have or Have Not Been Charged in This or Other Cases.**

This Court should prohibit the Defendant from presenting evidence that other individuals or entities could have been charged in a like manner as the Defendant. The indictment alleges a fraud scheme perpetrated by and through a corporate entity, which had dozens of employees over the course of the scheme, and also conducted business in collaboration with another business entity, which also employed dozens of individuals over the course of the scheme. That the crimes were committed through a business does not allow the Defendant to suggest that he should not be held responsible for his conduct because other persons were not charged with the same or similar conduct. "The government's charging decisions are not proper subjects for cross-examination and argument." *United States v. Carneglia*, No. 08-CR-76, 2009 WL 185725 at *1 (E.D.N.Y. Jan. 27, 2009) (quoting *United States v. Re*, 401 F.3d 828, 832 (7th Cir. 2005)); *see also United States v. Larch*, 399 F. App'x 50, 55-56 (6th Cir. 2010) (guilt of another does not excuse defendant from liability for his own actions).

The identity and number of individuals charged in connection with the Defendant's fraudulent scheme, the reasons behind the government's individualized charging decisions, and the comparative culpability of the Defendant versus others

involved in the conspiracy are all irrelevant and unfairly prejudicial subjects that should not be aired before the jury. *See, e.g.*, *United States v. Thompson*, 253 F.3d 700 (5th Cir. 2001), *unpublished* (affirming grant of motion in limine to prevent defense counsel from comparing defendants' conduct with that of uncharged or immunized witnesses); *see also, e.g., Re*, 401 F.3d at 832 (government's exercise of prosecutorial discretion not a proper subject for cross-examination).

The Sixth Circuit adopts this same position in its Pattern Jury Instructions. Pattern Jury Instructions 2.01(3) ("Do not let the possible guilt of others influence your decision in any way"), 3.06 ("Now, some of the people who may have been involved in these events are not on trial. This does not matter."), and 8.08 ("Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.") each emphasize to the jury the need for independent assessment of the Defendant's crime, without regard to others' guilt. And for good reason; evidence that the government could have charged other individuals with committing similar violations is irrelevant to the jury's deliberation in this case. The particular charging decisions made by the government are informed by a variety of factors, unique to each prospective defendant. Critically, the charging decisions made regarding one individual do not necessarily implicate the guilt or innocence of another. If the Defendant here seeks to introduce evidence of these charging decisions, he would be merely distracting from the true issue in this trial:

whether *this defendant* committed the crime with which he is charged in the indictment. Such argument or examination before the jury would serve no other purpose than to prejudice the jury against the government by raising issues of prosecutorial discretion that have nothing to do with the crimes charged or the evidence presented *in this case.*

Accordingly, the Defendant should be precluded from making arguments or comments to the jury, and from eliciting statements on cross-examination, that are irrelevant to the record evidence and crimes charged that are, instead, designed to encourage a verdict in disregard of the law.

Respectfully submitted,                                             Dated: January 13, 2023

GLENN S. LEON
Chief, Fraud Section

DUSTIN M. DAVIS
Acting Chief, Health Care Fraud Unit

DAWN N. ISON
United States Attorney

*s/ Shankar Ramamurthy*
SHANKAR RAMAMURTHY
Trial Attorney
ANDREW BARRAS
Acting Assistant Chief
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 924-5368

## **CERTIFICATE OF SERVICE**

    I certify that on January 13, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to counsel for the defendant.

                                *s/ Shankar Ramamurthy*
                                SHANKAR RAMAMURTHY
                                Trial Attorney
                                ANDREW BARRAS
                                Acting Assistant Chief
                                United States Department of Justice
                                Criminal Division, Fraud Section
                                1400 New York Avenue, N.W.
                                Washington, D.C. 20005
                                (202) 924-5368