UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-2 Steven King,

        Defendant.

No. 19-cr-20652

Hon. David M. Lawson

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE [ECF NO. 243]

The United States hereby responds to the Motion in Limine (ECF No. 243) (the "Motion") filed by Steven King ("Defendant") on January 13, 2023. In that Motion, the Defendant moved to exclude testimony from witness Gregory Kim, PharmD ("Mr. Kim")[1], regarding "(1) Medicare guidance about copays as kickbacks, (2) summary exhibits explaining billing patterns, and (3) the 'Rule of Hand' about individualized Lidocaine dosages and refills." (ECF No. 243, PageID.2328). For the reasons detailed herein, Defendant's Motion should be

---

[1] While the Government did provide Defendant with an "expert disclosure" as to Mr. Kim, regarding his background, his opinions, and the bases and reasons for those opinions, the Government does not believe that areas in which Mr. Kim will be testifying necessarily qualifies as "expert" testimony under Federal Rule of Evidence 702. Mr. Kim will testify as to work performed while acting as a contractor for the Medicare Program, including his experience interpreting, applying, and ensuring compliance with applicable laws, rules, and regulations governing the payment of claims submitted to the Medicare Program, specifically Medicare Part D, which reimburses for prescription drugs.

denied.

### A. Medicare's Guidance that Waiver of Copays is an Illegal Kickback is Relevant to the Conspiracy to Commit Healthcare Fraud and Should be Permitted

Centers for Medicare & Medicaid ("CMS") Regulations and Guidance Handbooks, Ch. 80.8.1 (Rev. 1, 10-01-03) provides, in part, that "physicians or suppliers who routinely waive the collection of deductible or coinsurance from a beneficiary constitute a violation of the law pertaining to false claims and kickbacks." Defendant's Motion presupposes that Mr. Kim will testify that in his opinion, Defendant was involved in a scheme involving illegal kickbacks. (ECF No. 243, PageID.2333). Instead, the Government's expectation is that Mr. Kim will simply testify that pursuant to the CMS Regulations and Guidance Handbooks, Medicare views routine copay waivers by suppliers to beneficiaries to constitute kickbacks and false claims, not subject to reimbursement. As Defendant correctly notes in his Motion, the jury will hear from fact witnesses who will discuss the non-collection of copays by the Defendant and others. (*Id*.) But Mr. Kim, who is an investigator with Medicare Drug Integrity Contractor ("MEDIC") Qlarant that works extensively with Medicare's rules and regulations, is certainly competent to testify to the rules, regulations, and consequences pertaining to the non-collection of copays.

Defendant additionally claims that testimony regarding a scheme involving

illegal kickbacks is akin to the Government trying Defendant for a crime not charged in the Indictment. While the Indictment does not contain a charge of conspiracy to defraud the United States and pay health care kickbacks pursuant to 18 U.S.C. § 371, or payment or soliciting and/or receiving kickbacks in connection with a Federal health care program pursuant to 42 U.S.C. § 1320a-7b(b), the Indictment does contain a charge of conspiracy to commit health care fraud and wire fraud pursuant to 18 U.S.C. § 1349. As part of that charge, the Indictment specifically provides that as part of the conspiracy to commit health care fraud, Defendant, along with the other charged defendants (and others), "[d]id not collect co-pays from Medicare beneficiaries in order to induce them to accept refills of expensive medications and diabetic testing supplies without consent." (ECF No. 1, PageID.10). The co-conspirator's failure to collect copays as required by Medicare is just another aspect of the conspiracy to commit health care fraud. As Mr. Kim will testify, Medicare will not reimburse claims submitted which involve false claims and/or kickbacks. The Defendant's participation in a scheme which includes failure to collect copays as required by Medicare is just another aspect of the manner and means in which the conspiracy to commit health care fraud and wire fraud was perpetrated. Such evidence, including the CMS rules and regulations pertaining to the collection of copays is certainly relevant to the charged offense of conspiracy to commit health care fraud and wire fraud, and should not be excluded. *See* Fed. R. Evid. 401(a),

(b).

### B. Defendant was Provided the Summary Exhibits on Billing Data and Patterns Through Discovery

On October 17, 2019, as part of the discovery process in this matter, the Government provided the Defendant with the Medicare Part D Summary of Findings for the relevant pharmacies in this matter, which were generated by the MEDIC Qlarant. On that same date, the Government provided the Defendant the underlying Prescription Drug Event ("PDE") records which formed the basis of the summaries of findings, which were maintained by CMS. The PDE records are generated from CMS's Integrated Data Repository ("IDR"), which are the finalized Medicare Part D claims submitted by the relevant pharmacies.

The Government anticipates Mr. Kim testifying specifically as to the information contained in the summaries of findings as to the relevant pharmacies, including the total amounts paid to the pharmacies, the top drugs for which the pharmacies were paid, and where the top beneficiaries by total paid reside. The reference to "patterns" within the Government's notice as to Mr. Kim was simply a recognition that Mr. Kim would testify as to the data contained within the summaries of findings as to the pharmacies. As an experienced MEDIC investigator that regularly reviews IDR data, Mr. Kim should be permitted to testify as to the PDE records and summaries derived therein. Mr. Kim recently testified regarding similar PDE records and summaries, in the matters of *U.S. v. Irina Sadovsky* (2:2018-cr-

00375) and *U.S. v. Shahriar Kalantari* (2:2018-cr-00375), both of which are matters in the Central District of California. Much like in those matters, it is expected that Mr. Kim will testify regarding CMS, the type of information CMS keeps in the IDR, the PDE records kept by CMS within the IDR, and the summaries generated by MEDIC regarding that data. As noted previously, the PDE records and the summaries generated were previously provided to Defendant through discovery. As a result of the aforementioned, Mr. Kim should be permitted to testify as to the billing data maintained by CMS and the summaries generated from that data.

### C. The Government Will Not Elicit Testimony from Mr. Kim Regarding the "Rule of Hand"

While described in the Government's disclosure as a topic on which Mr. Kim is qualified to opine, the Government does not anticipate eliciting testimony from Mr. Kim regarding the "Rule of Hand" and the manner in which he may estimate the amount of a topical dermatology product needed to cover an area of the body.

Respectfully submitted,                                Dated: January 20, 2023

GLENN S. LEON
Chief, Fraud Section

DUSTIN M. DAVIS
Acting Chief, Health Care Fraud Unit

DAWN N. ISON
United States Attorney

*s/ Andrew Barras*
ANDREW BARRAS
Acting Assistant Chief
SHANKAR RAMAMURTHY
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 365-4660

## **CERTIFICATE OF SERVICE**

      I certify that on January 20 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to counsel for the defendant.

                                 *s/ Andrew Barras*
                                 ANDREW BARRAS
                                 Acting Assistant Chief
                                 SHANKAR RAMAMURTHY
                                 Trial Attorney
                                 United States Department of Justice
                                 Criminal Division, Fraud Section
                                 1400 New York Avenue, N.W.
                                 Washington, D.C. 20005
                                 (202) 365-4660