UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

           Plaintiff,

   v.

D-2 Steven King,

           Defendant.

No.  19-cr-20652

Hon. David M. Lawson

---

### UNITED STATES' REPLY IN SUPPORT OF
### OMNIBUS MOTION IN LIMINE

---

The United States respectfully submits this Reply to Defendant King's Response to Government's Omnibus Motion *In Limine* (ECF No. 246). In his brief, Defendant argues that evidence of good conduct should be admissible, even though it is prohibited by Fed. R. Evid. 403 and 404. Defendant insists that he should be permitted to use unproven allegations to attack the credibility of a Government's witness. He also argues that he should be allowed to blame Medicare and its contractors for his fraud, even though case law dictates otherwise. And Defendant seeks to argue his guilt should be determined based on a comparison to co-defendants rather than his own conduct. Moreover, Defendant suggests that the

1

Government's motions "are premature and sweep too broadly." (ECF No. 246, PageID 2351).

Defendant's cursory dismissal of evidentiary issues that, if not litigated before trial, have the potential to waste the jury's (and the Court's) time, reflects a fundamental misunderstanding of the purpose of pretrial motions in criminal cases. "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and [the Sixth Circuit] all encourage . . . extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). That is to say, no party should have to wait for the use of plainly inadmissible evidence at trial before seeking relief. Pursuant to this Court's local rules, the Government sought counsel's concurrence on these issues before filing the instant motions, and he failed to give it. Thus, the use of motions *in limine* to avoid disruption from the improper introduction of evidence or argument is proper.

The limited topics addressed in the omnibus motion concern evidence or argument that is, on its face, improper, irrelevant, or unfairly prejudicial. The Government will not repeat the arguments set forth in its motion but will address certain points made in the Defendant's response.

2

## MOTION 1

**Evidence of Good Conduct Should be Prohibited**

The Defendant argues that he should be permitted to offer evidence of legitimate conduct, prescriptions, and claims to Medicare because it is relevant to his knowledge and intent. (ECF No. 246, PageID 2351). More specifically he suggests that because he did not know about the ongoing fraud scheme, he was unaware of whether a claim was fraudulent or legitimate. *Id.* Defendant's *knowledge* of whether claims were fraudulent or legitimate is not made any more or less likely (i.e. relevant) by proving that some claims were legitimate, in fact. Instead, following Defendant's argument, at best he would have no way of knowing whether claims were legitimate or not. Defendant's reliance on knowledge and intent is a backdoor attempt to introduce evidence of legitimate conduct, prescriptions, and claims for their only relevant, albeit impermissible purpose, good character. Such evidence is expressly prohibited under Fed. R. Evid. 404(b).

As the Sixth Circuit explained in *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014), "the Latin maxim *falsus in uno, falsus in omnibus*—false in one, false in all—does not have an inverse corollary: true in one; true in all." In essence, evidence that the Defendant may have acted lawfully on other occasions "tells us nothing relevant" about the Defendant's intent on the charged offenses. *Id.* In this context, evidence of Defendant's purportedly legitimate conduct, the filling of

legitimate prescriptions, or the submission of legitimate claims, would be suggesting to the jury that he did not commit the charged crime because he did not commit fraud on every occasion that he had the opportunity to do so. The factual issues before the jury should be limited to the charged conduct in the Indictment, and any evidence that the Defendant might have engaged in some legitimate conduct should be excluded as irrelevant (Fed. R. Evid. 403) and impermissible (Fed. R. Evid. 404(b)). The Government's motion should be granted.

## MOTION 2

**Impermissible Impeachment of Government Witness Michael Pemberton**

Defendant's attempt to impeach HHS-OIG Special Agent Michael Pemberton on the basis of unsubstantiated allegations made in a civil complaint should be barred. *See* Case No. 22-cv-10424. Unlike an arrest, indictment, or conviction, there is no standard of proof that must be met in order for a plaintiff to file a civil complaint. This is highlighted by the fact that many of the assertions set forth in the complaint, particularly against Special Agent Pemberton, are based on a "belief" of their truth; none required an evidentiary burden prior to filing.

Defendant suggests that the number of exhibits attached to the complaint somehow validates the allegations, without any showing that these exhibits are relevant to the allegations against Special Agent Pemberton, in particular. Further, the rule to which Defendant cites in support of impeachment, Fed. R. Evid. 608,

explicitly prohibits the use of extrinsic evidence, like these exhibits and the lawsuit to which they are attached. Any reference by the Defendant on cross examination to the lawsuit or the allegations within it would be impermissible hearsay, as out of court statements being offered for their truth value. *See* Fed. R. Evid. 802. Finally, any attempt to impeach Special Agent Pemberton on the basis of the mere allegations is likely to create a trial-within-a-trial that is both irrelevant to the crime for which Defendant has been charged and is substantially more prejudicial to the United States than probative of his credibility. *See* Fed. R. Evid. 403. The Government's motion should be granted.

## MOTION 3

**Blame-the-Victim Evidence Should be Barred**

The Government seeks to exclude evidence and argument that the payment of fraudulent claims, or failure to detect the fraud, by Medicare and the Pharmacy Benefit Managers ("PBMs"), through which it paid claims, excuses the Defendant and his conduct in furtherance of the charged health care fraud and wire fraud conspiracy. This is wholly different from examining the "standard employed by the PBMs." (ECF No. 26, PageID 2360). The Defendant's arguments as to materiality go to the latter and the Government agrees such an inquiry is permissible. However, exploring these standards should not permit the opening of a back door to arguing that a PBMs failure to swiftly identify and root out the fraud was tacit consent of it.

As the evidence at trial will demonstrate, those engaged in the conspiracy to commit healthcare fraud and wire fraud, including the Defendant, went through great pains to hide their fraudulent activities from Medicare and the PBMs. The Defendant should not be rewarded for such duplicity and the Government's motion should be granted.

## MOTION 4

**Improper Evidence and Argument Concerning Culpability of Co-Conspirators**

The Defendant seeks to introduce evidence of his "zero culpability." (ECF No. 246, PageID. 2361). The Government's motion does not preclude such evidence. However, lack of *any* culpability does not require the comparative evidence and argument advocated for by the Defendant in his response. The Government's motion seeks to guard against the more likely use of such evidence: that the Defendant will attempt to hold his actions up against those of his co-defendants—James Letko and Rami Lazeki, in particular—and give jurors the opportunity to adjudicate his guilt based on a determination that he is *less* culpable. Defendant himself acknowledges the validity of barring such evidence and argument ("Mr. King does not seek to argue that the jury should acquit him because he committed criminal acts that were less bad than Mr. Letko or others."). (ECF No. 246, PageID. 2362). The Government's motion should be granted.

| Respectfully submitted, | Dated: January 27, 2023 |
|---|---|

GLENN S. LEON
Chief, Fraud Section

DUSTIN M. DAVIS
Acting Chief, Health Care Fraud Unit

DAWN N. ISON
United States Attorney

*s/ Shankar Ramamurthy*
SHANKAR RAMAMURTHY
Trial Attorney
ANDREW BARRAS
Acting Assistant Chief
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 924-5368

# CERTIFICATE OF SERVICE

I certify that on January 27, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to counsel for the defendant.

*s/ Shankar Ramamurthy*
SHANKAR RAMAMURTHY
Trial Attorney
ANDREW BARRAS
Acting Assistant Chief
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 924-5368