UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,            Case Number 19-20652

v.            Honorable David M. Lawson

STEVEN KING,

            Defendant.

_____/

### ORDER REGARDING MOTIONS *IN LIMINE* AND ADJOURNING TRIAL

This matter is before the Court on motions *in limine* filed by the parties in advance of trial. The Court has reviewed the submissions of the parties and heard oral argument on January 31, 2023. During the hearing, the Court announced from the bench its rulings on the various issues presented by the motions. Following the hearing, the Court also held a final pretrial conference and discussed the trial schedule. The Court advised the parties that it would be necessary to adjourn the trial, and the parties all consented to the proposed adjournment. A new trial date was selected to permit further trial preparation and to accommodate the trial schedules of counsel and ensure continuity of counsel. The Court finds that good cause for the requested adjournment has been shown. The Court further finds that in the interests of justice the time between March 28, 2023 and the new trial date of May 30, 2023 should be excluded from the 70-day calculation under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

Accordingly, it is **ORDERED** that the government's omnibus motion *in limine* (ECF No. 242) is **GRANTED IN PART AND DENIED IN PART** for the reasons stated on the record. The request to exclude evidence relating to the volume of legitimate prescriptions and billings is **DENIED** if such evidence is offered to demonstrate the defendant's knowledge and intent. The

request to exclude evidence about "relative culpability" is **DENIED** without prejudice. The request to exclude evidence about a civil lawsuit against the government's witness Michael Pemberton is **GRANTED IN PART**. The defendant will be permitted to inquire on cross-examination about relevant specific instances of conduct relating to truthfulness by the government's witness Michael Pemberton, subject to the restrictions of Federal Rule of Evidence 608. However, no argument or evidence concerning the existence of a separate lawsuit against Mr. Pemberton or any of the claims pleaded in that case will be permitted. The request to exclude all pleadings and other papers filed in the separate civil matter is **GRANTED**. The request to limit evidence and argument about lax standards applied by the Medicare program or its pharmacy benefit managers in the processing of pharmacy applications and prescription benefit claims is **GRANTED**, and no argument or inquiry will be permitted suggesting that the defendant is not culpable due to the failure of government officials or pharmacy benefit manager to detect the alleged fraud or reject the pharmacy applications or benefit claims. These are not definitive rulings and the Court will entertain any appropriate contemporaneous objections at trial.

It is further **ORDERED** that the defendant's motion to exclude testimony by the government's witness Gregory Kim (ECF No. 243) is **GRANTED IN PART** for the reasons stated on the record. The Court will not permit use of the term "kickback" in questions by counsel or responses by the witness, and documents including the term "kickback" will not be admitted. However, subject to that limitation, the witness will be allowed to testify about Medicare program regulations and the criteria for payment of prescription benefit claims. The request to limit the witness's opinion about claims data and summaries derived therefrom is **DENIED** without prejudice. The request to exclude testimony about the "Rule of Hand" is **GRANTED**.

It is further **ORDERED** that the jury trial in this matter is **ADJOURNED** to **May 30, 2023 at 8:30 a.m.**

It is further **ORDERED** that the time between March 28, 2023 and the new trial date of May 30, 2023 shall be excluded from the 70-day calculation under the Speedy Trial Act, for all of the reasons stated above.

It is further **ORDERED** that the parties shall submit to the Court in chambers, one week before trial, the following trial preparatory materials: (1) short statements of claims and defenses, no longer than one page for each side, suitable to be read to the jury, (2) proposed *voir dire*, (3) joint proposed jury instructions, (4) separate witness lists identifying for each witness whether the witness will present lay or expert testimony and the estimated time for testimony on direct examination, and (5) separate exhibit lists on the form attached to the scheduling order.  The materials shall be submitted in both electronic and printed form.  Submissions in electronic form shall be in Microsoft Word format.  All of the above submissions directed to the Court in chambers shall be sent by email to the Court's case manager **and shall not be e-filed**.  If the parties want to submit trial briefs, then those must be e-filed one week before trial.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   January 31, 2023