UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Cr. No. 19-20652

v.                                Honorable David M. Lawson

STEVEN KING,

        Defendant.
_____/

**MOTION FOR DISCOVERY OF *BRADY/GIGLIO* MATERIAL**

Steven King, though counsel, moves for disclosure of the presentence reports of Rami Lazeki and James Letko pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150, 154 (1972). On information and belief, these presentence reports have been provided to the prosecution and contain impeachment information. In particular, for Rami Lazeki, the presentence report will disclose his current immigration status, which is material to the consequences of this criminal case against him and his incentives in cooperating with the government. And for James Letko, the presentence report contains information about his substance abuse and dates of treatment that may be material to his credibility.

1

Mr. King asked for Mr. Letko's presentence report on the second day of trial, and the Court suggested that he file a motion regarding Mr. Letko's presentence report. Mr. King also asked if the government had updated information about Mr. Lazeki's immigration status, and the prosecutor indicated the government had no current information about Mr. Lazeki's status.

Mr. King sought the prosecution's concurrence in this motion, and concurrence was denied. The government did not deny that it has the requested presentence reports in its possession. Instead, the government indicated that it plans to object to questions about Mr. Lazeki's immigration status and Mr. Letko's substance abuse. Mr. King asks the Court to order the government to provide the defense with copies of the presentence reports for Mr. Lazeki and Mr. Letko.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

/s/ Natasha D. Webster
Natasha_Webster@fd.org

/s/ Benton C. Martin
Benton_Martin@fd.org

Attorneys for Steven King
613 Abbott St., Suite 500
Detroit, MI 48226
Phone: (313) 967-5542

Date: June 2, 2023

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Cr. No. 19-20652

      v.                                    Honorable David M. Lawson

STEVEN KING,

                Defendant.
_____/

**BRIEF IN SUPPORT OF
<u>MOTION FOR DISCOVERY OF *BRADY/GIGLIO* MATERIAL</u>**

    The government alleges that, from 2013 to 2018, Steven King conspired with James Letko and Rami Lazeki, among others, to defraud Medicare benefits programs through A1C Pharmacies. (R. 1, Indictment, PgID 7.) Trial began May 30, 2023.

    At the start of the second day of trial, Mr. King asked for Mr. Letko's presentence report, and the Court suggested that he file a motion seeking the information. Mr. King also asked if the government had updated information about Mr. Lazeki's immigration status, and it indicated it did not. On information and belief, the presentence reports for Mr. Lazeki and Mr. Letko have been provided to the prosecution and contain the request information. In particular, for Rami Lazeki,

1

the presentence report will disclose his current immigration status, and for James Letko, the presentence report contains information about his substance abuse.

## Analysis

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150, 154 (1972), the prosecution must provide the defense any exculpatory evidence that may impeach the credibility of material witnesses. *See United States v. Jones*, 399 F.3d 640, 647 (6th Cir. 2005). *Brady* demands a prosecutor depart from the normal adversary model of criminal litigation, and "assist the defense in making its case." *United States v. Bagley*, 473 U.S. 667, 675 n.6 (1985). Thus, in this circumstance, "the prosecutor's role transcends that of an adversary: he 'is the representative not of an ordinary party to a controversy, but of a sovereignty whose interest in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" *Id.* (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935) (alterations omitted)). "[I]t is well-settled that this disclosure obligation includes evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999).

A *Brady* request is appropriate when there is more than "'[m]ere speculation that a government file may contain *Brady* material.'" *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir. 1992), *abrogated on other grounds by Hampton v. United*

2

*States*, 191 F.3d 695 (6th Cir. 1999) (quoting *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985)); *accord Blake v. Cnty. of Livingston*, 257 F. App'x 848, 855 (6th Cir. 2007). When, as here, the government presents a cooperating witness who is granted leniency from prosecutors in exchange for testimony, the need for disclosure is "particularly acute." *Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997). Even inadmissible material may be material under *Brady* if it would lead to admissible evidence. *Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 465 (6th Cir. 2015).

There is more than mere speculation that the presentence reports will contain relevant information about the credibility of Mr. Lazeki and Mr. Letko. Information about substance abuse and immigration status is standard information collected during every presentence interview. Indeed, this Court recognized during a hearing about Mr. Letko's substance abuse that his "pretty severe drinking problem" was discussed "during the presentence interview." (R. 259, Tr., PgID 2600.)

Mr. Lazeki's immigration status is material to his credibility. When interviewed by agents during investigation of this case, Mr. Lazeki indicated that he is not a U.S. citizen and was a green card holder. Mr. Lazeki's guilty plea likely renders him deportable, and it will be up to federal authorities whether he is indeed deported. It is proper and material to explore on cross-examination whether

3

Mr. Lazeki's immigration status is motivating him to testify in accordance with the government's allegations.

Mr. Letko's substance abuse is also material to his credibility. In response to a similar request for impeachment information, Judge Goldsmith explained that "this sort of information, if it exists, may constitute favorable impeachment evidence to discredit a witness's testimony." *United States v. Mills*, No. 16-CR-20460, 2019 WL 549171, at *4 (E.D. Mich. Feb. 12, 2019). Judge Goldsmith cited *United States v. Lujan*, 530 F. Supp. 2d 1224, 1260 (D.N.M. 2008), which explains: "Use of alcohol or drugs during the time the witness perceived events or at the time the witness is testifying may constitute impeachment evidence, if the use impaired the witness's memory and perception of the event." The defense is entitled to information available to the government about Mr. Letko's severe substance abuse, including the dates of that substance abuse and the dates of treatment, to determine if it undermines his credibility in this matter.

## Conclusion

Mr. King respectfully requests that this Court order the prosecution to disclose to Mr. King the presentence reports for Mr. Lazeki and Mr. Letko.

                                        Respectfully Submitted,

                                        FEDERAL DEFENDER OFFICE

                                        /s/ Natasha D. Webster
                                        Natasha_Webster@fd.org

                                        /s/ Benton C. Martin
                                        Benton_Martin@fd.org

                                        Attorneys for Steven King
                                        613 Abbott St., Suite 500
                                        Detroit, MI 48226
                                        Phone: (313) 967-5542

Date: June 2, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Cr. No. 19-20652

v.                                 Honorable David M. Lawson

D-2 STEVEN KING,

        Defendant.
_____/

**CERTIFICATE OF SERVICE**

I certify that, on June 2, 2023, I filed this document using the CM/ECF filing system, which will send notification to opposing counsel.

                                        /s/ Benton Martin