UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | No. 19-cr-20652 |
| Plaintiff, | Hon. David M. Lawson |
| v. | |
| D-2 Steven King, | |
| Defendant. | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

The United States objects to the Defendant's request for the full disclosure of Presentence Reports for co-defendant's Rami Lazeki and James Letko. Throughout this case, the United States has fulfilled its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150,154 (1972), including the disclosure of all statements made by Mr. Lazeki and Mr. Letko, as well as all agreements between the United States and each. The United States has not, however, turned over Presentence Reports generated by the U.S. Dept. of Probation pursuant to Fed. R. Crim. P. 32.

1

In particular, the United States has followed the local rule of this Court prohibiting the disclosure of presentence reports to third parties without a Court order:

> The presentence report, any objections thereto, and any correspondence between counsel and a probation officer concerning any such objections shall be maintained in confidence and shall not be disclosed to any person other than the defendant, counsel for the defendant, counsel for the Government, other persons assisting counsel in the discharge of their professional responsibility representing the client, the probation officer, the Court, and the United States Sentencing Commission without a prior order of the Court authorizing such disclosure.

L.R. 32.1(I).

In addition to the default prohibition against the disclosure of presentence reports, which could be cured by court order, courts have generally been hesitant to allow for the full disclosure of presentence reports to third parties, including co-defendants, as doing so could "have a chilling effect on the willingness of various individuals to contribute information that will be incorporated in the report." *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988).

While the government has not yet identified guidance from the Court of Appeals for the Sixth Circuit on this issue, several other circuits have found that where a defendant has demonstrated that a presentence report may contain exculpatory or impeachment material, the appropriate process is for the trial court to review the presentence report, in camera, and release only the substantive material

to the defendant. *See United States v. Alvarez*, 358 F.3d 1194, 1207-08 (9th Cir. 2004) (Holding that "the appropriate procedure with respect to probation files is for the trial judge to conduct an in camera review to determine whether they contain discoverable information . . . but the trial court need not release evidence that is "merely cumulative" of information already available to the defense."); *see also U.S. v. Mitchell*, 178 F.3d 904, 909 (7th Cir. 1999) (Holding that "[w]hile the proper procedure for a defendant is to request an in camera inspection if the defendant suspects that Brady material has not been disclosed, the defendant is not entitled to have his request granted absent some indication that the report contains impeachment material of the kind requested.")

The Defendant has indicated that he is seeking information concerning Mr. Lazeki's immigration status and Mr. Letko's "substance abuse." The government acknowledges that upon review of the Presentence Reports, both reports address these categories of information. However, as the government has indicated to the Defendant, it intends to object to inquiry into either as unduly prejudicial and intended solely to improperly brand the witnesses, rather than permissibly address their credibility. *See* Fed. R. Evid. 403.

The government proposes that the Court review the Presentence Reports for both Mr. Lazeki and Mr. Letko, in camera, for the purpose of determining what

3

information, if any, should be disclosed under *Brady* and *Giglio*.[1] However, in no event should the full reports be disclosed.

## Conclusion

For the reasons set forth herein, the Defendant's request for the full disclosure of his co-defendant's Presentence Reports should be denied.

Respectfully submitted,                                        Dated: June 3, 2023

GLENN S. LEON
Chief, Fraud Section

DUSTIN M. DAVIS
Chief, Health Care Fraud Unit

DAWN N. ISON
United States Attorney

*s/ Shankar Ramamurthy*
SHANKAR RAMAMURTHY
Trial Attorney
ANDREW BARRAS
Acting Assistant Chief
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 924-5368

---

[1] It is the government's understanding that the Court has received the Presentence Reports for both Mr. Lazeki and Mr. Letko. However, the government will produce the reports to the Court upon request.

## CERTIFICATE OF SERVICE

I certify that on June 3, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to counsel for the defendant.

                             *s/ Shankar Ramamurthy*
                             SHANKAR RAMAMURTHY
                             Trial Attorney
                             ANDREW BARRAS
                             Acting Assistant Chief
                             United States Department of Justice
                             Criminal Division, Fraud Section
                             1400 New York Avenue, N.W.
                             Washington, D.C. 20005
                             (202) 924-5368