UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,          Case No. 19-cr-20652
                                  Honorable David M. Lawson

vs.

D-2 Steven King,

        Defendant.

**Combined Motion and Brief for Entry of Order of Forfeiture**

NOW COMES Plaintiff, the United States of America ("Plaintiff"), by and through its undersigned counsel, and in support of this Combined Motion and Brief for Entry of Order of Forfeiture, states as follows:

**I.    Background**

On September 26, 2019, the United States filed an Indictment charging defendant Steven King ("defendant") with Count One, Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349. (ECF No. 1).

The Indictment contains a Forfeiture Allegation, which provides notice that the government shall seek a money judgment from the defendant for a sum of money representing the total amount of proceeds obtained as a result of his

violations of 18 U.S.C. § 1349. (ECF No. 1, PageID.15).

On or about June 8, 2023, the defendant was convicted of Count One, Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, of the Indictment. (ECF No. 276, PageID.3731).

The government now seeks a forfeiture money judgment against the defendant in the amount of Fifty Million Seven Hundred Forty-One Thousand Four Hundred Eight Dollars and Eighteen Cents ($50,741,408.18), pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c).

### Discussion

#### a. Forfeiture is Mandatory.

The applicable forfeiture statutes in this case mandate that the Court impose forfeiture as part of defendant's sentence. 28 U.S.C. § 2461(c) (stating "the court **shall** order the forfeiture of the property as part of the sentence") (emphasis added). The Sixth Circuit has also recognized that forfeiture is mandatory. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) cert. denied, 134 S. Ct. 947, 187 L. Ed. 2d 812 (2014) (referencing the statutes use of the verb "shall" and concluding Congress intended the forfeiture provisions to be mandatory) (citing *United States v. Monsanto*, 491 U.S. 600, 607 (1989)). Further, the Sixth Circuit has authorized the entry of forfeiture money judgments. *Hampton*, 732 F.3d at 692 (joining the consensus view and holding that entry of the forfeiture money

judgment was authorized even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at the time of sentencing).

In this case, defendant has been convicted of an offense requiring forfeiture; specifically, Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349. Therefore, entry of an Order of Forfeiture is a mandatory part of defendant's sentence. In the Indictment, the defendant was placed on notice that upon conviction, the United States intended to seek a money judgment from the defendant for a sum of money representing the total amount of proceeds obtained as a result of his violations of 18 U.S.C. § 1349. (ECF No. 1, PageID.15).

### b. The Forfeiture Amount.

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in relevant part, that:

> As soon as practical after … a plea of guilty … is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement . . . ." Fed. R. Crim. P. 32.2(b)(1)(B).

The forfeiture statutes at issue also make clear that forfeiture is measured by "[a]ny property, real or personal, which constitutes or is derived from proceeds . . ." 18 U.S.C. § 981(a)(1)(C).

### c. Entry of the Forfeiture Order.

Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

Federal Rule of Criminal Procedure 32.2 also provides for entry of a preliminary order of forfeiture, as follows:

> Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

Fed. R. Crim. P. 32.2(b)(2)(B).

4

The defendant's sentencing is currently scheduled for November 16, 2023, making it appropriate for the Court to enter an Order of Forfeiture at this time.

Because the forfeiture money judgment is not subject to ancillary proceedings, the forfeiture money judgment shall be final and effective at sentencing.

## II. Conclusion and Requested Relief

Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Rule 32.2, and based upon the Indictment, the defendant's conviction, this Combined Motion and Brief for Entry of Order of Forfeiture, and information contained in the record, the United States respectfully requests that the Court enter the proposed Order of Forfeiture. The government will submit the proposed Order of Forfeiture to the Court via ECF utilities.

> Respectfully submitted,
> Dawn N. Ison
> United States Attorney
>
> S/ Shankar Ramamurthy
> Shankar Ramamurthy (IL 6306790)
> Assistant United States Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, MI 48226
> (202) 924-5368
> Shankar.Ramamurthy@usdoj.gov

Dated: November 15, 2023

## Certification of Service

I hereby certify that on November 15, 2023, the foregoing document was filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

S/ Shankar Ramamurthy
Shankar Ramamurthy (IL 6306790)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(202) 924-5368
Shankar.Ramamurthy@usdoj.gov
