UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Cr. No. 19-20652

  v.                                  Honorable David M. Lawson

STEVEN KING,

           Defendants.
_____/

**Response to Combined Motion and Brief for Entry of Order of Forfeiture**

    The government did not seek Mr. King's concurrence in its motion for a forfeiture order under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in violation of Local Rule 7.1. Mr. King objects to the government's motion seeking a forfeiture order on two grounds: Procedure and merits.

## Background

    On June 8, 2023, nearly six months ago, a jury returned a guilty verdict against Mr. King. At the conclusion of the trial, this Court scheduled sentencing for September 2023, then adjourned at the defense request until November 2, 2023, then adjourned at the defense request again until November 16, 2023. The morning of November 15, 2023, the Court's case manager inquired about moving the sentencing

1

hearing up by an hour, and all parties confirmed the date and time worked and that sentencing would proceed as scheduled.

Just before 5:00 PM the day before sentencing, the government filed a "Combined Motion and Brief for Entry of Order of Forfeiture" seeking a forfeiture money judgement against Mr. King in the amount of $50,741,408.18. (ECF No. 328, Motion, PgID 4785.) Unlike with the codefendants in this case, the government did not say whether it was seeking a *preliminary* order of forfeiture; instead, it asked the Court to enter "the proposed Order of Forfeiture." (*Id.* at 4789.) Compare that document to orders involving codefendant Letko, which carefully delineated "Preliminary" and "Final" Orders of Forfeiture. (ECF No. 283, Unopposed Application Seeking Entry of First Amended Preliminary Order of Forfeiture and Final Order of Forfeiture.) The government then forwarded by email a document titled "FINAL Order of Forfeiture-Steven King." (Ex. 1, Email.)

The Court did not enter any preliminary order of forfeiture before the sentencing hearing. Sentencing proceeded on November 16, 2023, and this Court imposed a prison sentence of 54 months, supervised release of 2 years, $21,732,950.81 in restitution, and a $100 special assessment.

After the Court pronounced sentence, it inquired about the government's late-filed motion for a forfeiture order. (R. 330, Sent., PgID 4848.) Despite its motion for

2

forfeiture requesting a forfeiture money judgment of more than $50 million, the government amended its request to seek the reduced amount of $1 million in forfeiture. (*Id.*) The government explained that, in its view, this amount reflected the money Mr. King received in salary over the five-year period of the offense, and that the forfeiture judgment "should be based on how much the defendant received, not the overall loss created to the company, which would be restitution." (*Id.*)

Mr. King objected to the untimely forfeiture request. (*Id.* at 4849.) He explained that Federal Rule Criminal Procedure 32.2 requires entry of a preliminary order of forfeiture before sentencing. (*Id.* at 4849-50.) In response, the government conceded that "the United States doesn't have an excuse" for not submitting the request for forfeiture earlier. (*Id.* at 4851.) This Court allowed Mr. King two weeks to respond to the government's motion.

## Legal Standard

Federal Rule of Criminal Procedure 32.2, which governs criminal forfeiture orders, is a "mandatory claims-processing rule." *United States v. Maddux*, 37 F.4th 1170, 1176 (6th Cir. 2022). That means its rigid procedural and timing rules are mandatory: "Such rules are 'inflexible,' even if not jurisdictional." *Id.* at 1181. The Rule's deadlines "may not be ignored when properly invoked." *Id.* at 1176. "Put differently, like jurisdictional deadlines, mandatory claims-processing rules bind

3

courts and may not be equitably tolled." *Id.* They are not subject to harmless-error analysis. *Id.* The rule "ensures forfeiture is resolved fairly and fully before becoming final, which preserves judicial resources by avoiding wasteful appeals over avoidable errors." *Id.* at 1180.

## Analysis

**1. The violation of mandatory deadlines requires denial of the motion.**

Rule 32.2 requires that "a preliminary forfeiture order is entered well before sentencing." *Maddux*, 37 F.4th at 1172. Rule 32.2(b)(1)(A) says: "As soon as practical after a verdict or finding of guilty . . . the court must determine what property is subject to forfeiture under the applicable statute." And under Rule 32.2(b)(2)(B), "[u]nless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." "Generally, a preliminary order of forfeiture must be issued in advance of sentencing, with enough time for the defendant to suggest modification, unless doing so is impractical." *United States v. Hogan*, No. 321CR00011GFVTMAS, 2023 WL 378630, at *2 (E.D. Ky. Jan. 24, 2023).

The government did not seek a forfeiture order until nearly 5:00 PM the day before sentencing, despite having more than five months to file the request. In no

4

way is this request being made "[a]s soon as practical" after the verdict as required by Rule 32.2. The government candidly acknowledged that it did not have an excuse for failing to comply with Rule 32.2. Nor was there any reason it was "impractical" to enter a preliminary order of forfeiture sufficiently in advance of sentencing to permit the parties notice of the request.

As a result of the government's belated request, the court did not enter any preliminary order before sentencing as required under Rule 32.2. And only after the Court orally pronounced sentence did the government ask for the first time to specifically forfeit Mr. King's salary. Mr. King traveled from Florida at his own expense to attend sentencing, which all parties had confirmed *before* the government filed its belated request would proceed as scheduled. Under *Maddux*, the Court should deny the government's motion because of the failure to comply with the mandatory claims-processing timing rules under Rule 32.2.

A court adopted this approach in *United States v. Maldonado-Vargas*, No. 3:16-CR-661-01-JAW, 2022 WL 4291095 (D.P.R. Sept. 16, 2022). There, at sentencing, the government sought an approximately $3 million money judgment after a securities-fraud trial. *Id.* at *1. As in this case, neither the government nor the defendant mentioned forfeiture in their sentencing memoranda. *Id.* Like here, the

5

government did not comply with Rule 32.2, but asked the court at sentencing to impose a money judgment based on the evidence in the record. *Id.* at *2.

The district court denied the government's forfeiture request. *Id.* at *3. It explained that the government failed "to comply with the express provisions of Rule 32.2 before the sentencing hearing itself." *Id.* The court observed that the government "did not comply until the day of the sentencing hearing, with its obligation to notify the Court that it intended to seek a money judgment against the Defendant." *Id.* Further, like here, the government "never objected to the PSR's failure to mention the Government's request for a forfeiture as an element for sentencing consideration." *Id.* And the government "failed to mention the forfeiture in its sentencing memorandum to the Court." *Id.* Thus, the court concluded that the government *"*waived its right to demand a money judgment forfeiture." *Id.* at 4. The same analysis applies here, and this Court should deny the government's request.

2. **The government has not met its burden.**

The government bears the burden of establishing, "by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). The government cited no specific evidence in its motion, and instead said that the Court may base its determination on "'evidence already in the record, including any written plea agreement.'" (ECF No. 328, Motion, PgID 4788, quoting Fed. R. Crim. P.

6

32.2(b)(1)(B).) The government then pivoted at the sentencing hearing and reduced its request by more than $49 million, stating that the presentence report justified a $1 million forfeiture judgment to reflect Mr. King's salary over a five year period. This is not enough to meet the government's burden.

The government relies on *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013). But there, "Hampton pleaded guilty to obtaining money by wire fraud and access device fraud, agreed to entry of a forfeiture judgment, and stipulated that the money she obtained by the fraud was forfeitable as proceeds of the fraud." *Id.* On the contrary, *Hampton* makes clear that "the amount of the forfeiture is measured by the amount of the proceeds received by a defendant." 732 F.3d at 692.

Even though the government has modified its $50 million request to the lower amount of $1 million, it has not met its burden under *Hampton* to show that there is $1 million in fraud proceeds to confiscate from Mr. King.

In addition, the $1 million is not an accurate reflection of Mr. King's salary. The government cited the presentence report, but the report does not contain a detailed analysis of Mr. King's salary over the five years at issue. The report does say that he earned $200,000 annually, PSR ¶ 69, but as discussed at trial, that amount reflected his salary *at the end* of his time at A1C. In particular, James Letko testified that Mr. King made that salary for "probably the last two years of his employment,"

7

but before that time, "[h]e was nowhere near that." (R. 269, Tr., PgID 3276-77.) This portion of the PSR does not reflect, by a preponderance of the evidence, that Mr. King earned a total of $1 million during his time at A1C. The government's request should be denied.

## Conclusion

This Court should deny the government's motion for an order of forfeiture.

Respectfully submitted,

/s/ Natasha D. Webster
Natasha_Webster@fd.org

/s/ Benton C. Martin
Benton_Martin@fd.org

Attorneys for Steven King
613 Abbott St., Suite 500
Detroit, MI 48226
Phone: (313) 967-5542

Date: November 30, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 19-20652

v.        Honorable David M. Lawson

STEVEN KING,

        Defendants.
_____/

**CERTIFICATE OF SERVICE**

I certify that, on November 30, 2023, I filed this document using the CM/ECF filing system, which will send notification to opposing counsel.

/s/ Jennifer Mellas
Paralegal

9