UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                      Plaintiff,

v.

D-2 Steven King,

                      Defendant.

Case No. 19-cr-20652

Honorable David M. Lawson

---

## Reply in Support of a Specific Forfeiture Money Judgment

---

Three legal principles all point to the same conclusion: entry of a specific money judgment against Mr. King.  *First*, the Court has not violated Rule 32.2's timing rules. *Second*, forfeiture is mandatory, especially when proceeds are conceded.  *Third*, Rule 32.2 specifically allows the finalization of the forfeiture money judgment amount after sentencing, which is what the Court's Judgment contemplates.  The Court should therefore enter a money judgment in the amount of $1 million, or at least the $400,000 and more that King has conceded.

**(1) The Court has thus far complied with the forfeiture timing rules.**

Rule 32.2(b)(2)(B) states that "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions … before the order becomes final."  Because the government

1

filed its forfeiture motion the day before sentencing (and apologized for doing so, R. 330, PageID.4848), it was "impractical" for the Court to enter a specific preliminary order "in advance" of the sentencing hearing on November 21, 2023. Instead, the Court delayed a decision on the forfeiture motion and gave Mr. King two weeks to respond, without issuing the Judgment.  No violation yet.

The next section of Rule 32.2 governs this situation.

> *General Order*. If, before sentencing, the court cannot … calculate the total amount of the money judgment, the court may enter a forfeiture order that:
> (i) lists any identified property;
> (ii) describes other property in general terms; and
> (iii) states that the order will be amended under Rule 32.2(e)(1) when … the amount of the money judgment has been calculated.

Rule 32.2(b)(2)(C) (emphasis added).

After Mr. King's response, the Court on December 1st set a hearing on the forfeiture motion for January 18, 2024.  On December 5, 2023, the Court issued Mr. King's Judgment.  As to forfeiture, it stated: "The Court orders entry of a personal forfeiture money judgment in the amount of $_____. The Preliminary Order of Forfeiture (ECF No. ____) is incorporated herein by this reference."

The Government intends to seek a technical amendment of the Judgment, under Rule 35(a), to state that the amount of the money judgment "will be

amended under Rule 32.2(e)(1)," thus using the exact language Rule 32.2(b)(2)(C) provides.  But regardless of whether the Court makes such an amendment, the Court has still complied with Rule 32.2(b)(2)(C).  The court has "order[ed] entry of a personal forfeiture money judgment," (Judgment, ECF 335 at PageID.4876) while giving notice of amendment when the amount of the money judgment has been calculated.[1]

The Court has also complied with Rule 32.2(b)(4)(B), which requires the court to "ensure that the defendant knows of the forfeiture at sentencing," and "include the forfeiture order, directly or by reference, in the judgment[.]"  The Sixth Circuit in *Maddux* found a violation of this Rule where the trial court failed to rule on the government's motion for a forfeiture money judgment until *years* after the judgment.  But the *Maddux* judgments did not have the clarity of entering a "personal forfeiture money judgment," and the Sixth Circuit made clear that the "time to appeal that failure began to run when their judgments issued."*United States v. Maddux*, 37 F.4th 1170, 1180 (6th Cir. 2022).  Here, the Judgment expressly "orders entry of a personal forfeiture money judgment," (Judgment, ECF

---

[1] Instead of doing what the Court did with the Judgment language, the Court *could* have delayed finalizing King's sentence until forfeiture was resolved, and then entered a forfeiture order to be included in the original judgment under Rule 32.2 (b)(4)(B).  But unless the Court deems the Judgment to somehow *not* order forfeiture, that is now a hypothetical situation.

335 at PageID.4876), but leaves the amount to be determined. As the 11th Circuit held in *United States v. Mincey*, this procedure complies with Rule 32.2(b). 800 F. App'x 714, 727 (11th Cir. 2020).

No error has occurred, and the only error that could occur would be to decline to enter a specific money judgment.

**(2) Forfeiture is mandatory, especially when proceeds are conceded.** This principle is uncontested and applies here. 28 U.S.C. § 2461 ("court shall order the forfeiture of the property as part of the sentence[.]"); *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) ("Congress intended that criminal forfeiture under [28 U.S.C. § 2461] be mandatory.").

To be sure, if King somehow committed these offenses without making any money, the mandatory money judgment would be zero. But some proceeds are conceded here. And the government has carried its burden to show proceeds of $1 million, under the required "preponderance of the evidence" standard. *See United States v. Corrado*, 227 F.3d 543, 550–51 (6th Cir. 2000).

King was interviewed by probation, and never objected to the PSR's subsequent statement that from 2013 to November 2019 (a period of more than five years), "defendant worked full-time as a Chief Compliance Officer at A1C Holdings … earning $200,000.00 plus bonuses annually." PSR ¶ 69. That would

4

yield a total of more than $1 million in proceeds from working at A1C, even before bonuses.[2] On this basis, the government has carried its burden to establish a $1 million money judgment.

King's counterargument now is really a concession: pointing to Letko's trial testimony that King made that salary "probably the last two years of his employment" but beforehand was "nowhere near that."  Response, ECF 331 at PageID.4863-4.  Even taking King's concession at face value, $200K for two years is $400,000.  That's a money judgment floor of $400K.  Making even *half* that amount annually beforehand, his salary over three years would be $300,000, for a total of $700K.  If King made $150,000 a year for those three years, then $200K for two, the total is $950,000.  Not to mention the "bonuses" that King admittedly received "annually" from this scheme that made tens of millions.  PSR ¶ 69.  Overall, the evidence leaves the Court with a mandatory forfeiture money judgment amount of $1,000,000—or slightly lower based on concessions alone.  But $1 million is the fairest result on this record, given the standard of proof.

**(3) Third and finally, Rule 32.2 allows the Court to finalize the money judgment amount post-sentencing.**  Rule 32.2(b)(2)(C) is explicit about this: "the

---

[2] King's conspiracy of conviction ran from late 2013 to late 2018, Indictment ¶ 25 (ECF 1), and it is reasonable to infer that his 2019 earnings were funded by the proceeds of that multi-million dollar fraud scheme.

court may enter a forfeiture order that … will be amended under Rule 32.2(e)(1) when … the amount of the money judgment has been calculated."  And so is Rule 32.2(e)(1): "On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture[.]"

As further evidence, the Government's time to appeal "from the court's failure to enter an order [of forfeiture]" only starts to run "when the judgment is entered," or the Court "declines to amend a forfeiture order … under Rule 32.2(e)."  Rule 32.2(b)(4)(C).  It is a <u>judgment</u> lacking even a general order of forfeiture, or a court's refusal to <u>amend</u> a forfeiture order, that creates appealable error in this context.  No such error has occurred.

Mr. King's Judgment contained a forfeiture money judgment in an amount to be determined, as contemplated by 32.2(b)(2)(C).  Following the hearing in January, the Court can specify the amount of the money judgment and comply with the plain language of Rule 32.2(b)(2).  Numerous courts have upheld the legality of post-sentencing money judgment calculation under Rule 32.2(e) and (b)(2)(C). *United States v. Mincey*, 800 F. App'x 714, 722 (11th Cir. 2020) (upholding a forfeiture money judgment calculated after sentencing, when—similar to this case—"the written judgment stated: 'The defendant shall forfeit the defendant's interest in the following property to the United States: Deferred until restitution

6

hearing.'"); *United States v. Arnold*, 878 F.3d 940, 944 (10th Cir. 2017); *United States v. Papas*, 715 F. App'x. 88, 90 (2d Cir. 2018); *United States v. Ferrario-Pozzi*, 368 F.3d 5, 11 (1st Cir. 2004); *United States v. Touizer*, 808 F. App'x 954, 957-58 (11th Cir. 2020).

## Conclusion

The Court should enter a specific forfeiture money judgment in the amount of $1,000,000, or at least the $400K and more King has conceded.  Forfeiture is mandatory, and Rule 32.2 allows—and specifically contemplates—calculation of the money judgment post-sentencing.

Respectfully submitted,

Dawn N. Ison
United States Attorney

S/Shankar Ramamurthy
Shankar Ramamurthy (IL 6306790)
Trial Attorney
(202) 924-5368
Shankar.Ramamurthy@usdoj.gov

S/K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant U.S. Attorney
(313) 269-4796
Kenton.Welkener@usdoj.gov

Dated: December 7, 2023