UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

v.

D-2 Steven King,

          Defendant.

Case No. 19-cr-20652
Honorable David M. Lawson

---

**Application for Order Amending the Judgment**

---

The Government, by undersigned counsel, respectfully requests a technical amendment of Mr. King's Judgment, to clarify—in an abundance of caution—that the Court is complying with Rule 32.2.

The Judgment entered December 5, 2023 states in pertinent part: "*The Court orders entry of a personal forfeiture money judgment in the amount of $_____. The Preliminary Order of Forfeiture (ECF No. ____) is incorporated herein by this reference*." Judgment (ECF 335) (emphasis added).

This Judgment evinces the Court's obvious intent to decide the amount of any money judgment after the hearing on the Government's forfeiture motion (ECF 328) currently set for January 18, 2023. It appears that the Court is complying with the following language in Rule 32.2.

> *General Order*. <u>If, before sentencing, the court cannot … calculate the total amount of the money judgment</u>, the court may enter a forfeiture order that:
>     (i) lists any identified property;
>     (ii) describes other property in general terms; and
>     (iii) <u>states that the order will be amended</u> under Rule 32.2(e)(1) <u>when … the amount of the money judgment has been calculated</u>.

Rule 32.2(b)(2)(C) (emphasis added). After all, the Court has entered an order that imposes a money judgment in an amount to be determined.

However, the Judgment does not *exactly* trace Rule 32.2(b)(2)(C), because it does not explicitly state that the order "will be amended under Rule 32.2(e)(1) when … the amount of the money judgment has been calculated." **Accordingly, the Government asks for one additional sentence to be added: "Following a hearing, the amount of the money judgment, if any, will be amended under Rule 32.2(e)(1) when … the amount of the money judgment has been calculated."**

Pursuant to Rule 7.1, counsel consulted with counsel for Mr. King regarding this proposed amendment, and his counsel would not consent, noting that the Court had not checked the box next to the Judgment's forfeiture paragraph. However, this is immaterial. It is the Government's contention that the Court only need check this box once the amount of the money judgment is finally determined, and need not do so in this Judgment or an Amended Judgment.

As explained in the Government's reply brief (ECF 336), Rule 32.2(b)(2)(C) explicitly contemplates the forfeiture process that the Court is adopting. The Judgment should be slightly amended to clarify the Court's intent to do so.

Rule 35(a) allows the Court to correct a "technical" error "within 14 days after sentencing," while Rule 36 allows the Court to correct a "clerical error" or "an error in the record arising from oversight or omission" at any time, "[a]fter giving any notice it considers appropriate.  This correct falls into both categories, and thus could be corrected by December 19, 2024 under Rule 35(a), or at any time under Rule 36, with appropriate notice.

           Respectfully submitted,

           Dawn N. Ison
           United States Attorney

           <u>S/K. Craig Welkener</u>
           K. Craig Welkener (DC 1033585)
           Assistant U.S. Attorney
           (313) 269-4796
           Kenton.Welkener@usdoj.gov

Dated: December 18, 2023