UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Case Number 19-20652

v.                                   Honorable David M. Lawson

STEVEN KING,

           Defendant.
_____/

## OPINION AND ORDER DENYING GOVERNMENT'S MOTION FOR ENTRY OF ORDER OF FORFEITURE AND MOTION TO AMEND JUDGMENT

After defendant Steven King was convicted by a jury of conspiracy to commit health care fraud, the Court sentenced him to prison on November 16, 2023 and entered judgment on December 5, 2023. The day before the sentencing hearing, the government filed a motion for entry of a preliminary order of forfeiture asking for a forfeiture money judgment of $50 million. The defendant objected, and the Court did not order forfeiture of property or a substitute money judgment as part of the oral pronouncement of the sentence. On December 18, 2023, more than a month after the sentencing hearing, the government filed a motion — styled as an "application" — to amend the judgement of sentence to include forfeiture provisions. The defendant opposes that motion and the motion for entry of an order of forfeiture.

Criminal forfeiture procedures are governed by Federal Rule of Criminal Procedure 32.2, which lays out an "A-to-Z roadmap for criminal forfeiture [and] requires that certain procedural steps be taken at certain specified times." *United States v. Maddux*, 37 F.4th 1170, 1178 (6th Cir. 2022). Those benchmarks have been characterized as a "mandatory claims-processing rule." *Id.* at 1180. Because the government failed to abide by those requirements, and no other rule of

procedure applies to the present circumstances, the Court is unable to grant the relief requested. The motions will be denied.

I.

On September 26, 2019, defendant Steven King was charged in an indictment with conspiracy to commit healthcare fraud, contrary to 18 U.S.C. § 1349. On June 8, 2023, the jury returned a verdict finding the defendant guilty as charged. The sentencing was scheduled for November 16, 2023.

The indictment included forfeiture allegations, but the government took no action to secure entry of any preliminary order of forfeiture. Instead, it filed a "motion for entry of an order of forfeiture" just six minutes before the close of business on November 15, 2023 — the day before the sentence hearing. The defendant subsequently filed an opposition to that motion on November 30, 2023. However, by then the Court already had conducted the sentence hearing on the appointed date, and the judgment of sentence was entered on December 5, 2023.

A month after the judgment was entered, December 18, 2023, the government filed an "application to amend the judgment" to include forfeiture provisions. The defendant has filed an opposition to that application as well.

II.

The government argues that for the offense of conviction, forfeiture is mandatory under the applicable penalty statute, 28 U.S.C. § 2461(c). It acknowledges that it was "impractical" for the Court to enter a preliminary forfeiture order before the sentencing date, because the government waited until the day before sentencing to file its motion, "and apologized for doing so." But it suggests that the Court actually intended to order forfeiture because the form of judgment utilized — a form used in virtually every federal sentencing — included blanks that

could be filled in to provide for a forfeiture money judgment if imposed, and it cites Criminal Rules 35 and 36 as providing a basis to amend the judgment. As the defendant points out, however, the applicable rule of procedure, Rule 32.2, prescribes strict deadlines that "may not be ignored when properly invoked." *Maddux*, 27 F.4th at 1176. And the government did not comply with those requirements.

The defendant has the better argument.

Criminal Rule 32.2 establishes the procedural benchmarks for proper entry of a forfeiture judgment as part of a criminal sentence. First, the identity of property or the amount of money to be forfeited must be determined by the Court "as soon as practical" after a guilty verdict is returned. Fed. R. Crim. P. 32.2(b)(1)(A). Second, if the demand for forfeiture is opposed, then the Court "must conduct a hearing" after the verdict. Fed. R. Crim. P. 32.2(b)(1)(B). The Court may consider evidence "already in the record," as well as "additional evidence submitted by the parties." *Ibid.* Third, if the Court finds that property is subject to forfeiture or that a money judgment should be entered, it must "promptly enter a preliminary order of forfeiture" identifying the items of property or fixing the amount of money to be forfeited, which must be entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final" upon imposition of the sentence. Fed. R. Crim. P. 32.2(b)(2)(B). Finally, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and "[t]he court must also include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

In this case, none of those procedural requisites for a proper judgment of forfeiture were satisfied, because the government never presented its forfeiture demand to the Court until moments

before the close of business on the day before the sentence hearing, more than six months after the verdict was returned. The rule acknowledges that the "prompt[]" entry of a preliminary forfeiture order is excused if "doing so is impractical." Fed. R. Crim. P. 32.2(b)(2)(B). But the impracticality that the government invokes here arises solely from its own delay in filing an appropriate motion. The government offers nothing besides its "apology" to excuse the untimely application. The government's failure to present a timely forfeiture application prevented the Court from making any reasoned determination of the forfeiture amount in advance of the sentence hearing, and it also foreclosed any opportunity for the defendant to oppose the forfeiture demand or object to a preliminary forfeiture order.

The law is clear that if the procedures of Criminal Rule 32.2 are not followed strictly, then the government is precluded from any post-sentencing attempt to tack on a forfeiture to the sentence, and the Court is without authority to amend or correct the judgment after entry to add a forfeiture provision. This issue was discussed extensively in *United States v. Maddux*, where the court of appeals explained that "[o]nce a criminal sentence is imposed, the judgment is final, both as to what it includes and what it lacks, subject to Rules 35(a) and 36." 37 F.4th at 1180. After that, "[i]f the government wishes to 'enlarge [the] sentence' with forfeiture omitted from the sentence, it must timely appeal." *Ibid.*

The *Maddux* court emphasized the mandatory nature of the forfeiture claim processing rules by distinguishing forfeiture from restitution, which the Mandatory Victim Restitution Act (MVRA) authorizes the Court to add to the judgment within 90 days after imposition of sentence. In contrast, as the *Maddux* court observed, "Rule 32.2(b) repeatedly uses the mandatory 'must,' directed mostly at the sentencing court, to command each step of the forfeiture process [citing Fed. R. Crim. P. 32.2(b)(1)(A), (b)(2)(A), (b)(2)(B), (b)(4)(B)]," and "such language tends to impose

- 4 -

unyielding procedural requirements impervious to judicial discretion." 37 F.4th at 1176-77 (cleaned up). "Rule 32.2(b)(4)(A) provides that '[a]t sentencing,' any preliminary forfeiture order 'becomes final as to the defendant,'" and "[f]inal means final, so Rule 32.2(b) envisions only one bite at the apple — unless Rules 35(a) or 36 permit a later, smaller bite after sentencing." *Id.* at 1177. "All of that is quite unlike the MVRA's deadline, which does not wrap up restitution under a single bow at sentencing, but instead sets an outer-bound limit (90 days) after sentencing for the restitution hearing, if that extra time is needed." *Ibid.* (citing 18 U.S.C. § 3664(d)(5)). The court of appeals explained that the forfeiture rules are intended "to ensure defendants receive due process paired with finality and efficiency," whereas "the purpose of the MVRA's 90-day deadline . . . seeks speed primarily to help the victims of crime and only secondarily to help the defendant." *Id.* at 1178. "Rule 32.2(b) flips that [MVRA] script — it arms defendants with procedures to correct preliminary forfeiture orders before sentencing." *Ibid.* Bringing the point home, the court declared that "Rule 32.2(b) aims to culminate forfeiture at sentencing; it follows that, once sentencing occurs, defendants can be sure no more forfeiture awaits them — just like they can be sure that no other new punishment does." *Ibid.*

The government contends that forfeiture is mandated by the applicable penalty statutes and must be included in the judgment of sentence regardless of its own procedural missteps. That argument, however, ignores the *Maddux* court's explanation that "the consequence here (requiring a government appeal to correct a Rule 32.2(b) error that cannot be otherwise corrected) . . . [is] exactly what happens when any other aspect of punishment, even a mandatory one, is errantly omitted from a sentence." *Maddux*, 37 F.4th at 1178. The government's argument overlooks the fundamental purpose of the forfeiture procedures specified by Rule 32.2, which, as explicated above, is to ensure sufficient due process for the defendant to contest the government's forfeiture

demand. The government's failure to make any timely effort to comply with the rule trenches upon those procedural safeguards. The defendant's due process interest is especially relevant in a case such as this where the government proposed a $50 million forfeiture judgment, which the defendant adamantly opposed as grossly inflated and disproportionate to his culpability.

The government asserts that "correction" of the judgment under Criminal Rule 36 is appropriate to "fill in the blanks" in the forfeiture section of the form judgment, and to clarify the Court's "apparent intent" to impose forfeiture in an unspecified amount. But there was no "clerical error" here, and the Court neither had nor expressed on the record any such intent. "Clerical errors . . . are a matter of keystrokes or transposition, 'of the sort that a clerk or [court reporter] might commit, mechanical in nature.'" *United States v. Asker*, No. 21-1643, 2023 WL 3370440, at *2 (6th Cir. May 11, 2023) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)). "Errors arising from oversight or omission include discrepancies between the oral sentence and the written judgment," but "[t]hey do not include the omission of a district court's 'unexpressed sentencing intention.'" *Ibid.* (quoting *Robinson*, 368 F.3d at 657). There was no "clerical error" in this instance because the Court had no intention in the absence of a timely preliminary forfeiture order motion — expressed or otherwise — to impose any forfeiture term when it announced the sentence, and there was, therefore, no discrepancy between the sentence orally announced and the terms of the judgment. Rule 36 cannot be employed for the government's purpose in this case.

Finally, as the defendant correctly points out, "amendment" or "correction" of the judgment of sentence under Criminal Rule 35 is not available because the government filed its application to amend the judgment more than 14 days after the sentence hearing. "The authority conferred by Rule 35(a) to a district court is extremely limited"; "[t]he rule is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence or . . . to

reopen issues previously resolved at the sentencing hearing . . . ." *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) (cleaned up). "Rule 35, in relevant part, allows [a] district court[] to correct a sentence that resulted from 'arithmetical, technical, or other clear error' provided it does so within 14 days after sentencing." *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011). "For purposes of this rule, 'sentencing' is defined as 'the oral announcement of the sentence.'" *Ibid.* (quoting Fed. R. Crim. P. 35(c)). After that 14-day window closes, the Court lacks jurisdiction to amend or correct the sentence under Rule 35. *Ibid.* Here, the government did not file its "application" to amend the judgment until December 18, 2023, long after the 14-day window under Rule 35 had shut.

### III.

The government missed Rule 32.2's mandatory deadlines by a mile, offers nothing more than an "apology" to excuse the failure to timely tender a forfeiture application, and has cited no legal authority endorsing its untimely demand for a forfeiture judgment. Under the circumstances, the Court is without authority to amend or correct the sentence to include forfeiture provisions at this late stage of the proceedings.

Accordingly, it is **ORDERED** that the government's motion for entry of an order of forfeiture (ECF No. 328) and its motion (application) to amend the judgment (ECF No. 337) are **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: August 19, 2024